MORGAN, LEWIS & BOCKIUS LLP
Daryl S. Landy, Bar No. 136288
daryl.landy@morganlewis.com
Carrie A. Gonell, Bar No. 257163
carrie.gonell@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:     +1.714.830.0600
Fax:     +1.714.830.0700

MORGAN, LEWIS & BOCKIUS LLP
Jennifer Svanfeldt, Bar No. 233248
jennifer.svanfeldt@morganlewis.com
Aleksandr Markelov, Bar No. 319235
aleksandr.markelov@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel:     +1.415.442.1000
Fax:     +1.415.442.1001

Attorneys for Defendant
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SULLIVAN, individually,<br><br>Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION, a Washington corporation, and Does 1 through 100, inclusive<br><br>Defendant. | Case No. 3:18-cv-1040<br><br>**DEFENDANT MICROSOFT CORPORATION'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1332(a), 1441, 1446] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

Case No. 3:18-cv-1040

DB1/ 95841545.5

NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF JENNIFER SULLIVAN AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Microsoft Corporation ("Microsoft") removes the above-entitled action from the Marin County Superior Court to the United States District Court for the Northern District of California.  This Court has original subject matter jurisdiction over Plaintiff Jennifer Sullivan's lawsuit under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists and the amount in controversy exceeds $75,000.  Accordingly, removal is based on the following grounds:

I.   **SUMMARY OF THE COMPLAINT**

1.   On January 17, 2018, Plaintiff Jennifer Sullivan ("Plaintiff") filed her Complaint against Microsoft in Marin County Superior Court, entitled *Jennifer Sullivan, individually, v. Microsoft Corporation, a Washington Corporation, and Does 1 through 100, inclusive,* Case Number CIV 1800155 ("Complaint").  Plaintiff served the Complaint on Microsoft on January 18, 2018.  A true and correct copy of the Complaint is attached as **Exhibit A** (the "Complaint").  True and correct copies of the Summons, Civil Cover Sheet, and Notices that Plaintiff served on Microsoft are attached as **Exhibit B**.

2.   On February 15, 2018, Microsoft filed and served its Answer to the Complaint in Marin County Superior Court.  A true and correct copy of the Answer is attached as **Exhibit C**.

3.   Plaintiff's Complaint alleges causes of action for:  (1) failure to pay overtime in violation of California Labor Code §§ 510 and 1194; (2) failure to provide meal breaks in violation of California Labor Code §§ 226.7(a) and 512 and IWC Wage Order No. 7; (3) failure to authorize and permit rest breaks in violation of California Labor Code §§ 226.7, 558, and 1194 and IWC Wage Order No. 7; (4) failure to pay wages due at separation of employment in violation of California Labor Code §§ 201-203; (5) failure to issue accurate itemized wage statements in violation of California Labor Code §§ 226 and 226.3; and (6) unfair business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB1/ 95841545.5

Case No. 3:18-cv-1040

2

NOTICE OF REMOVAL

1    **II.       THE REMOVAL IS TIMELY**

2         4.       Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is

3    filed within 30 days of Plaintiff's service of the Summons and Complaint on Microsoft.

4         5.       No previous Notice of Removal has been filed or made with this Court for the

5    relief sought herein.

6    **III.      THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

7         **A.       This Court Has Diversity Jurisdiction Under 28 U.S.C. 1332(a).**

8         6.       This action is one over which this Court has original jurisdiction under 28 U.S.C. §

9    1332(a) (diversity jurisdiction) and is one that Microsoft may remove pursuant to 28 U.S.C. §

10   1441.  Specifically, as discussed in detail below, this is a civil action between citizens of different

11   states where the amount of controversy exceeds the sum or value of $75,000, exclusive of interest

12   and costs.

13        **B.       Complete Diversity of Citizenship Exists.**

14        7.       A case may be heard in federal court under diversity jurisdiction if complete

15   diversity of citizenship exists between the parties (i.e., all plaintiffs are diverse from all

16   defendants).  28 U.S.C. § 1332(a).  A defendant may remove an action to federal court under 28

17   U.S.C. § 1332 provided no defendant is a citizen of the state in which the action was brought or

18   of the same state in which the plaintiff is a citizen.  28 U.S.C. § 1441(a), (b).

19        8.       Here, all requirements are met because (1) Plaintiff is a citizen of California, (2)

20   Microsoft is a citizen of Washington, and (3) the citizenship of the "Doe Defendants" named in

21   Plaintiff's Complaint must be disregarded for purposes of determining diversity jurisdiction in

22   this matter.

23        **1.       Plaintiff is a Citizen of California.**

24        9.        "An individual is a citizen of the state in which he is domiciled."  *Boon v. Allstate*

25   *Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265

26   F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity jurisdiction, citizenship is determined

27   by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of*

28   *Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB1/ 95841545.5

Case No. 3:18-cv-1040

3

NOTICE OF REMOVAL

1  Cir. 1986)).  Evidence of continuing residence creates a presumption of domicile.  *Washington v.*

2  *Havensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011).

3          10.     Microsoft is informed and believes that Plaintiff is now, and since this action

4  commenced on January 17, 2018, has been a citizen of California.  *See* Declaration of Julia

5  Siebert ("Siebert Decl.") ¶ 6., attached hereto as **Exhibit D**.  Plaintiff alleges that she "was a

6  California resident at all times while employed by Defendants."  Ex. A, Compl. ¶ 5.  Plaintiff

7  does not allege any alternative state of citizenship in the Complaint.  Accordingly, Plaintiff was

8  and is domiciled in the State of California and, therefore, is a citizen of California for purposes of

9  removal.

10                    **2.      Microsoft Is Not A Citizen of California.**

11         11.     For diversity purposes, a corporation is a citizen of "the State by which it has been

12  incorporated and of the State where it has its principal place of business."  28 U.S.C. §1332(c)(1).

13  The U.S. Supreme Court has held that a corporation's principal place of business is "the place

14  where a corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, the

15  "nerve center" of the business.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  The Court

16  further described the principal place of business as the "place where the corporation maintains its

17  headquarters."  *Id*.

18         12.     Microsoft is, and at all pertinent times was, a corporation formed under the laws of

19  the State of Washington with its corporate headquarters and principal place of business in

20  Redmond, Washington.  Siebert Decl. ¶ 2.

21         13.     Thus, for the purposes of diversity jurisdiction in this matter, Microsoft is a citizen

22  of Washington, and not of California.

23                    **3.      Doe Defendants Are Irrelevant for Purposes of Removal**

24         14.     The Complaint also names as defendants "Does 1 through 100."   The citizenship

25  of fictitious "Doe" defendants, however, is disregarded for removal purposes.  28 U.S.C. §

26  1441(a); *see also Soliman v. Philip Morris, Inc.,* 311 F.3d 966, 971 (9th Cir. 2002).

27         **C.      The Amount in Controversy Exceeds $75,000.**

28         15.     Removal based on diversity of citizenship is proper if the amount in controversy

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB1/ 95841545.5

Case No. 3:18-cv-1040

4

NOTICE OF REMOVAL

exceeds $75,000.  28 U.S.C. § 1332(a).  A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *4 (C.D. Cal. Mar. 3, 2015) (applying *Dart* outside of the context of the Class Action Fairness Act).

16.     In measuring the amount in controversy, the Court must assume that the Complaint's allegations are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is what amount is put "in controversy" by the plaintiff's Complaint, not what a defendant will actually owe.  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal 2008) (denying plaintiff's motion for remand).  This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'"  *Korn*, 536 F. Supp. at 1204-05.  Similarly, a removal notice "need not contain evidentiary submissions."  *Dart*, 135 S. Ct. at 551.

17.     Further, in determining whether the jurisdictional minimum is met, courts consider all alleged recoverable damages, including punitive damages, statutory penalties, and attorneys' fees, but excluding interest and costs.  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977) (superseded by statute on other grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

18.     Here, while Microsoft denies Plaintiff's factual allegations and denies that Plaintiff is entitled to the relief she seeks in her Complaint, it is clear that the amount in controversy exceeds $75,000.[1]

---

[1] This Notice of Removal discusses the nature and amount of damages and penalties Plaintiff's Complaint places at issue.  Microsoft's references to specific damage or penalty amounts are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Microsoft maintains that each of Plaintiff's claims is without merit and that Microsoft is not liable to Plaintiff.  Microsoft specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Microsoft or that Microsoft engaged in any conduct that would justify imposing the statutory penalties Plaintiff seeks.  No statement or reference contained herein shall

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

Case No. 3:18-cv-1040

5

NOTICE OF REMOVAL

DB1/ 95841545.5

1

2

       **1.**       **Plaintiff's Claim for Unpaid Overtime Places at Minimum $164,948.43 In Controversy.**

3

4

5

6

7

8

9

10

11

12

      19.      In her First Cause of Action, Plaintiff alleges that Microsoft owes her overtime pay for the time period she allegedly was misclassified as exempt from the overtime provisions of the California Labor Code.  Ex. A. ¶¶9, 23.  Plaintiff alleges that "[i]n July 2015, [Microsoft] promoted Plaintiff to Store Manager and paid her a salary until her separation from the company."  Ex. A ¶ 9.  Microsoft employed Plaintiff as an exempt Specialty Store Manager in California from July 12, 2015 to May 10, 2017, her effective termination date.  Siebert Decl. ¶ 3; *see also* Ex. A, Compl. ¶ 5.  Plaintiff alleges that she "typically worked five days per week during which she worked at least 50 hours per week to as much as 75 hours per week."  However, Plaintiff alleges that "[f]or the first eight months in which Plaintiff worked as a Store Manager . . . Plaintiff typically worked 70-75 hours per week."  Ex. A, Compl. ¶ 11, n. 1.

13

14

15

16

17

18

19

20

21

22

23

24

25

      20.      During the eight-month period between July 12, 2015 and March 12, 2016 when Plaintiff first worked as a Specialty Store Manager, Plaintiff's total gross earnings were approximately $89,065.52.  Siebert Decl., ¶ 4.  There were 34.86 workweeks between July 12, 2015 and March 12, 2016.  Based on working 40 regular hours per week, Plaintiff's hourly rate of pay during this eight-month time period was $63.87 ($89,065.52 ÷ 34.86 ÷ 40).  Using Plaintiff's allegation that she also worked 30 hours of unpaid overtime and double time and "typically five days per week" between July 12, 2015 and March 12, 2016 (Ex. A, Compl. ¶ 11), and assuming during this time period that she worked 14 hours per workday (70 ÷ 5 = 14), then during this time period she would have worked four hours per day of overtime at an overtime rate of $95.81 ($63.87 x 1.5) and two hours per day of overtime at a double time rate of $127.74 ($63.87 x 2).  As a result, the amount in controversy for Plaintiff's overtime claim for the first eight months of her employment as Store Manager is approximately **$111,328.89** (20 hours x 34.86 weeks x $95.81 (overtime rate)) + (10 hours x 34.86 weeks x $127.74 (double time rate)).

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB1/ 95841545.5

constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages or penalties based upon the allegations contained in the Complaint or otherwise.

Case No. 3:18-cv-1040

NOTICE OF REMOVAL

21.     Between March 13, 2016 and May 10, 2017 (Plaintiff's termination date), Plaintiff's total gross earnings were approximately $142,977.03.  Siebert Decl. ¶ 5.  There were 60.43 workweeks during this time period.  As a result, Plaintiff's hourly rate of pay during this time period was $59.15 ($142,977.03 ÷ 60.43 ÷ 40).  Using Plaintiff's allegation that she worked at least 10 hours of unpaid overtime per week between March 13, 2016 and May 10, 2017 (Ex. A, Compl. ¶ 11), at an overtime rate of $88.73 ($59.15 x 1.5), the amount in controversy for Plaintiff's overtime claim between March 13, 2016 and May 10, 2017 is approximately **$53,619.54** (10 hours x 60.43 workweeks x $88.73 (overtime rate)).

22.     The total amount in controversy for Plaintiff's alleged overtime between July 12, 2015 and May 10, 2017 is **$164,948.43** ($111,328.89 + $53,619.54).

### 2.     Plaintiff's Claim for Unpaid Meal and Rest Break Premiums Places At Least $22,545.61 in Controversy.

23.     In her Second and Third Causes of Action, Plaintiff alleges that Microsoft owes her one hour of pay for each workday Microsoft did not provide her a meal period and one hour of pay for each workday Microsoft did not provide her a rest break.  Ex. A., Compl. ¶¶ 37, 47.

24.     Plaintiff's alleges that she "was never fully relieved of all her work duties to take a 30-minute off-duty meal break" and that she "was never provided with, nor able to take, timely, off-duty meal periods." Ex. A, Compl. ¶ 16.  Plaintiff further alleges that Microsoft "did not authorize or permit Plaintiff to take off-duty rest breaks." *Id.* at ¶ 18.  Thus, it is reasonable to assume for the purposes of determining the amount in controversy and for no other purposes that Microsoft did not provide Plaintiff with the legally required meal periods and rest periods on an average of ten occasions each workweek. *See UPS v. Superior Court*, 196 Cal. App. 4th 57, 69-70 (2011) (Labor Code Section 226.7 permits up to two premium payments per workday).  Nevertheless, with an estimate of just two unprovided meal periods per week and conservatively using the lower hourly rate of pay for Plaintiff's employment, the amount in controversy for Plaintiff's meal period claim is $11,272.81 (2 x 95.29 workweeks x $59.15 (hourly rate)).  Similarly, the amount in controversy for Plaintiff's rest period claim, conservatively assuming just two unprovided rest periods per week, also is $11,272.81 (2 x 95.29 workweeks x $59.15).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB1/ 95841545.5

Case No. 3:18-cv-1040

7

NOTICE OF REMOVAL

Thus, Plaintiff's claims for unprovided meal and rest period premiums places at least **$22,545.61** in controversy ($11,272.81 x 2).

### 3. Plaintiff's Claim for Waiting Time Penalties Places At Least $14,196 In Controversy.

25.     Plaintiff's Fourth Cause of Action alleges that Plaintiff is entitled to penalties for violations of California Labor Code section 203.  (Ex. A, Compl. ¶ 51.)  Labor Code Section 203 provides that an employee who is not timely paid all wages due upon termination is entitled to a day's pay as a penalty for each day that the wages remain unpaid, up to a maximum of 30 days' pay.  Cal. Lab. Code § 203.  Accordingly, the amount in controversy for this claim is **$14,196** ($59.15 (hourly rate) x 8 hours per day x 30 days).

### 4. Plaintiff's Claim for Penalties for Inaccurate Wage Statements Places At Least $1,250 In Controversy.

26.     Plaintiff's Fifth Cause of Action alleges that Plaintiff is entitled to penalties for failure to provide accurate wage statements under California Labor Code section 226.  (Ex. A, Compl. ¶¶ 52-56.)  Under Labor Code section 226(e), an injured employee can recover penalties of $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent pay period, up to an aggregate penalty of $4,000, for a knowing and intentional violation.  There is a one-year statute of limitations on claims for wage statement penalties.  Cal. Code Civ. Proc. § 340(a).  Plaintiff does not allege actual damage.  Plaintiff received 13 wage statements from January 17, 2017 (one year before filing her Complaint) through her termination on May 10, 2017.  As a result, her Fifth Cause of Action places **$1,250** in controversy ($50 initial pay period + $1,200 for subsequent pay periods).

### 5. Plaintiff's Requested Attorneys' Fees.

27.     This is an alleged wage and hour action brought pursuant to California Labor Code sections 226(a), 226.7, 201-203, 512, 510, and 1194, each of which provide for the award of attorneys' fees.  Plaintiff seeks to an award of attorneys' fees with respect to each of the five wage and hour claims. Exh. A, Compl. ¶¶ 68(b), 69(c), 70(d), 71(c), 72(b); Prayer for Relief.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

Case No. 3:18-cv-1040

8

NOTICE OF REMOVAL

DB1/ 95841545.5

28.     Courts have held that an award of attorneys' fees, if such fees are authorized under applicable law, may be considered for purposes of calculating the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, *a reasonable estimate of fees likely to be incurred to resolution* is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.") (emphasis added); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (finding that attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *Hurd v. Am. Income Life Ins.*, No. CV-13-05205 RSWL-MRW, 2013 WL 5575073, at *7 (C.D. Cal. Oct. 10, 2013) (allowing attorney's fees as part of amount in controversy where authorized by statute or contract); *Melendez v. HMS Host Family Restaurants, Inc.*, No. CV 11-3842 ODW CWX, 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011) (same).

29.     When estimating attorneys' fees for purposes of removal, the estimated amount is not limited to the fees incurred as of the time of removal. *Brady*, 243 F. Supp. 2d at 1010-11. For example, in *Simmons v. PCR Technology*, the court held that "[attorneys' fees] necessarily accrue until the action is resolved" and, thus, the Ninth Circuit [in *Galt*, *supra*] must have anticipated that district courts would project fees beyond removal." 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002). As such, the court in *Simmons* held that the "measure of [attorneys'] fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *See also Pulera v. F&B, Inc.*, 2008 U.S. Dist. LEXIS 7265, *14-15 (E.D. Cal. 2008), citing *Brady*, 243 F. Supp. 2d at 1010-11 ("[w]hile the Ninth Circuit has not yet ruled on this issue, the preponderance of courts in this Circuit have agreed with the *Brady* approach" of "includ[ing] a reasonable estimate of the attorney's fees likely to be incurred"). In fact, the Ninth Circuit has implied that ultimately it will adopt the same rule. *See Guglielmino*, 506 F.3d at 700 (implying the propriety of including future attorneys' fees in determining amount in controversy,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB1/ 95841545.5

Case No. 3:18-cv-1040

9

NOTICE OF REMOVAL

1    particularly where a plaintiff seeks such fees as allowed by an underlying statute).

2        30.    The reasonable estimate of attorneys' fees likely to be incurred through resolution

3    of a case may be based upon fee awards in similar cases, plaintiffs' counsel's hourly rate, and the

4    number of hours counsel expects to spend on this case.  *See Brady*, 243 F. Supp. 2d at 1011; *see*

5    *also Lyon v. W. W. Grainger Inc.*, No. C 10-00884 WHA, 2010 WL 1753194, at *5 (N.D. Cal.

6    Apr. 29, 2010) ("Defendant's use of similar cases to estimate the cost of attorney's fees is

7    sufficient to establish that its estimate is more likely than not correct.").  With respect to fee

8    awards in similar cases, courts have recognized that "attorneys handling wage-and-hour cases

9    typically spend *far more than 100 hours* on the case."  *Lippold v. Godiva Chocolatier, Inc.*, No. C

10   10-00421 SI, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010).  Individual wage and hour

11   cases (as opposed to putative class or representative action) often involve several hundred hours

12   of work.  *See, e.g., Cappuccio v. Pepperdine University*, Case No. 13-cv-3125-DSF-AJWx (C.D.

13   Cal. Sept. 29, 2014), Dkt. No. 81-1 at ¶¶ 7, 9 (plaintiffs' counsel stated that they spent 506.9

14   hours litigating a single plaintiff case for violations of the Fair Labor Standards Act); *Puerto v.*

15   *Wild Oats Markets, Inc.*, Case No. BC359723 (L.A. Sup. Ct. Mar. 24, 2011) (in plaintiffs' Motion

16   for Attorney's Fees and Costs, at 10:18-20, counsel for plaintiffs stated that they spent 1,250.74

17   hours litigating a two-plaintiff overtime case).

18       31.    Here, a reasonable estimate of the number of hours Plaintiff's counsel likely will

19   spend litigating Plaintiff's individual wage and hour claims, based on Plaintiff's allegations and a

20   comparison of similar individual wage and hour cases, is approximately 200 hours. The parties

21   will need to participate in a Rule 16 and 26(f) conference, prepare and file a joint case

22   management conference statement, and appear at a case management conference.  Microsoft

23   anticipates taking Plaintiff's deposition and filing a motion for summary judgment.  Microsoft

24   further anticipates that Plaintiff's counsel will depose one or more Rule 30(b)(6) witnesses.  The

25   Parties may have disputes regarding discovery that will involve the briefing and arguing one or

26   more discovery motions.  Given the anticipated law and motion practice and the need for at least

27   one case management conference appearance, Microsoft anticipates there will be at least three

28   court appearances, separate and apart from any pretrial and trial practice before the Court.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB1/ 95841545.5

Case No. 3:18-cv-1040

10

NOTICE OF REMOVAL

Plaintiff also has requested a jury trial, which would extend the time necessary for any trial of Plaintiff's claims.  Therefore, approximately 200 hours of attorney time is a conservative, and certainly reasonable, estimate of the number of attorney hours that can reasonably be anticipated through the resolution of this case.  At a relatively conservative attorney billing rate of $450 an hour, 200 hours of attorney time equates to $90,000 in attorneys' fees that Plaintiff may recover.

## 6.    Summary of Amount in Controversy.

32.    While Microsoft denies any and all liability to Plaintiff, based on a conservative and good faith estimate of the alleged damages and penalties in this action, the amount in controversy in this case far exceeds $75,000, exclusive of interest and costs which also can be included in the calculation of amount in controversy.  Based on the conservative estimates detailed above, the Complaint places in controversy at least the following:

| Item | Value |
|---|---|
| Alleged Unpaid Overtime | $164,948.43 |
| Alleged Unpaid Meal and Rest Break Penalties | $22,545.61 |
| Alleged Waiting Time Premiums | $14,196 |
| Alleged Inaccurate Wage Statement Penalties | $1,250 |
| Attorneys' Fees | $90,000 |
| **Total** | **$292,940.04** |

## D.    The Other Prerequisites for Removal are Satisfied.

33.    Venue lies currently in the Northern District of California pursuant to 28 U.S.C. sections 1441 and 1446(a) because this action was filed originally in Marin County Superior Court, which is in a county this District embraces.

34.    As required under 28 U.S.C. section 1446(d), Microsoft promptly will serve Plaintiff with this Notice of Removal and promptly will file a copy of this Notice of Removal with the Clerk of the Marin County Superior Court.

35.    If any questions arise as to the propriety of this action's removal, then Microsoft respectfully requests the opportunity to present a brief and oral argument in support of its position

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

Case No. 3:18-cv-1040

DB1/ 95841545.5

NOTICE OF REMOVAL

1    that this case is removable.

2    **IV.**    <u>**CONCLUSION**</u>

3         Based on the foregoing, Microsoft respectfully requests that this action be removed from

4    Marin County Superior Court to the United States District Court for the Northern District of

5    California, and that all future proceedings in this matter occur in the United States District Court

6    for the Northern District of California.

7

8    Dated: February 16, 2018                    MORGAN, LEWIS & BOCKIUS LLP

9

10                                  By   /s *Daryl S. Landy*

11                                       Daryl S. Landy
                                         Attorneys for Defendant
12                                       MICROSOFT CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

Case No. 3:18-cv-1040

12

NOTICE OF REMOVAL

DB1/ 95841545.5