# EXHIBIT A

1  MICHAEL MALK, ESQ., APC
   Michael Malk, Esq., (State Bar No. 222366)
2  1180 South Beverly Drive, Suite 302
3  Los Angeles, California 90035
   Telephone: (310) 203-0016
4  Facsimile:  (310) 499-5210
   mm@malklawfirm.com
5
6  Attorneys for Plaintiff Jennifer Sullivan



**FILED**

JAN 17 2018

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

7  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8  **FOR THE COUNTY OF MARIN**

9  **(UNLIMITED JURISDICTION)**

10  JENNIFER SULLIVAN, individually,

Case No. CIV 1 8 0 0 1 5 5

11                         Plaintiff,

12  v.

**COMPLAINT FOR:**

13

14  MICROSOFT CORPORATION, a
    Washington Corporation, and Does 1
15  through 100, inclusive,

16                         Defendants.

**1. FAILURE TO PAY OVERTIME [Cal.
    Labor Code §§ 510, 1194];**

17

**2. FAILURE TO PROVIDE MEAL
    BREAKS [Cal. Labor Code §§ 226.7(a),
    512, IWC Wage Order No. 7];**

18

**3. FAILURE TO AUTHORIZE AND
    PERMIT REST BREAKS [Cal. Labor
    Code §§, 226.7, 558, 1194, IWC Wage
    Order No. 7];**

19

20

**4. FAILURE TO PAY WAGES DUE AT
    SEPARATION OF EMPLOYMENT
    [Cal. Labor Code §§ 201-203];**

21

22

**5. FAILURE TO ISSUE ACCURATE
    ITEMIZED WAGE STATEMENTS
    [Cal. Labor Code §§ 226, 226.3];**

23

24

**6. UNFAIR BUSINESS PRACTICES [Cal.
    Bus. & Prof. Code § 17200, et seq.]; AND**

25

26

**DEMAND FOR JURY TRIAL**

27

28

*Plaintiff's Complaint*
Page 1

BY FAX

MICHAEL MALK, ESQ., APC
Michael Malk, Esq., (State Bar No. 222366)
1180 South Beverly Drive, Suite 302
Los Angeles, California 90035
Telephone: (310) 203-0016
Facsimile:  (310) 499-5210
mm@malklawfirm.com

Attorneys for Plaintiff Jennifer Sullivan

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF MARIN

## (UNLIMITED JURISDICTION)

| | |
|---|---|
| JENNIFER SULLIVAN, individually,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington Corporation, and Does 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1. FAILURE TO PAY OVERTIME [Cal. Labor Code §§ 510, 1194];**<br><br>**2. FAILURE TO PROVIDE MEAL BREAKS [Cal. Labor Code §§ 226.7(a), 512, IWC Wage Order No. 7];**<br><br>**3. FAILURE TO AUTHORIZE AND PERMIT REST BREAKS [Cal. Labor Code §§, 226.7, 558, 1194, IWC Wage Order No. 7];**<br><br>**4. FAILURE TO PAY WAGES DUE AT SEPARATION OF EMPLOYMENT [Cal. Labor Code §§ 201-203];**<br><br>**5. FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS [Cal. Labor Code §§ 226, 226.3];**<br><br>**6. UNFAIR BUSINESS PRACTICES [Cal. Bus. & Prof. Code § 17200, et seq.]; AND**<br><br>**DEMAND FOR JURY TRIAL** |

# I.   **INTRODUCTION**

1.   PLAINTIFF JENNIFER SULLIVAN (hereinafter referred to as "Plaintiff"), individually, by and through her undersigned attorney, brings this Complaint against Defendants MICROSOFT CORPORATION, ("Microsoft"), a Washington Corporation, and DOES 1 through 100 (Microsoft Corporation and Does 1 through 100 will be collectively referred to as "Defendants"), respectfully alleges the following:

Plaintiff brings this action on behalf of herself against Defendants stemming from Defendants misclassifying Plaintiff as an exempt employee. As such, Plaintiff brings claims for Defendants' failure to pay Plaintiff overtime wages for all her time worked; failure to provide meal breaks; failure to authorize and permit rest breaks, failure to issue accurate itemized wage statements; failure to pay wages due upon separation of employment; and for unfair business practices as alleged herein.

# II.   **JURISDICTION AND VENUE**

2.   Venue is proper in this county under California Business and Professions Code § 17203 and California Code of Civil Procedure §§ 395(a) and 395.5. Although Defendants did not designate a principal place of business on the Statements of Information which they filed with the State of California, Defendants maintain retail locations in Marin County. As such, venue in Marin County is appropriate. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.

3.   Defendants are within the jurisdiction of this Court. Defendants transact millions of dollars of business in the State of California. Defendants were at all times relevant hereto an enterprise subject to the jurisdiction of the State of California.

4.       Plaintiff asserts no claims arising under federal law. Rather, Plaintiff brings causes of action based solely on, and arising from, California law. These claims arise from Defendants' common and systemic failure to pay overtime wages for work performed, their failure to provide meal breaks; their failure permit rest breaks; their failure to issue accurate itemized wage statements, their failure to pay all wages due upon separation of employment, and unfair business practices.

## III.   **PARTIES**

5.       Plaintiff Sullivan was a California resident at all times while employed by Defendants, and was employed by Defendants from approximately September 2010 through May 9, 2017. Plaintiff initially worked for Defendants in Washington State as an Assistant Store Manager and, in 2012, Plaintiff transferred to Corte Madera, California and there as an hourly Assistant Store Manager. In July 2015, Defendants promoted Plaintiff to Store Manager, and she worked at Defendants' Roseville, California retail kiosk.

6.       Upon information and belief, Defendant Microsoft Corporation, conducts business in the State of California by selling computer software and related products and services, with at least one retail location in Marin County. Defendants maintain a headquarters located at One Microsoft Way, Redmond, Washington, 98052.

7.       Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as Does 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. Plaintiff is informed and believes that each of the Doe Defendants reside in the State of California and are in some manner

responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named defendants, Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

## IV.   SUMMARY OF ALLEGATIONS

8.      Plaintiff repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

### A.   Facts Relevant to Unpaid Wages

9.      In July 2015, Defendants promoted Plaintiff to Store Manager and paid her a salary until her separation from the company. On information and belief, Defendants misclassified Plaintiff as an exempt Store Manager.

10.     Defendants required Plaintiff to perform non-exempt duties similar to those of other non-exempt employees for most of her work time. Defendants provided Plaintiff with a skeletal staff and, rather than hire more non-exempt employees, Defendants required Plaintiff to fill the role of a non-exempt worker. As such, Plaintiff was a non-exempt employee and was entitled to meal and rest breaks and overtime pay.

11.     Plaintiff typically worked five days per week during which she worked at least 50 hours per week to as much as 75 hours per week[1].

12.     In addition to the daily hours that Plaintiff worked on Defendants' premises, Plaintiff also typically performed work at home in the form of conference and security alarm

---

[1] For the first eight months in which Plaintiff worked as a Store Manager, her location was not adequately staffed with enough Assistant Store Managers, and Plaintiff typically worked 70-75 hours per week.

calls, and scheduling changes. Despite these long hours, Defendants paid Plaintiff the same salary, and never paid her overtime.

13.     Plaintiff was eligible to receive a non-discretionary quarterly bonus based on the productivity of the store in which she worked. In addition to depriving Plaintiff of overtime pay, Defendants also deprived her of the higher overtime rate which should have included the bonuses in her regular rate of pay.

**B.     Facts Relevant Rest and Meal Break Violations**

14.     On information and belief, Plaintiff did not sign an on-duty meal break agreement.

15.     As part of Plaintiff's job duties, on a regular basis, Plaintiff was the only manager on-duty during her shift, and Defendants required Plaintiff to remain on the premises during the entirety of her shift. Defendants did not typically provide another employee to relieve Plaintiff of her job duties in order for her to take a 30 minute off-duty meal break by the fifth hour of her shift. Moreover, when Plaintiff worked over ten hours per shift, she was not provided with, nor could she take, a second meal break by the tenth hour of her shift.

16.     Since Plaintiff was never fully relieved of all her work duties to take a 30 minute off-duty meal break, Plaintiff was never provided with, nor able to take, timely, off-duty meal periods.

17.     Further, Plaintiff was never paid a meal break premium payment for each day on which she was unable to take a 30 minute off-duty meal break.

18.     Defendants did not authorize or permit Plaintiff to take off-duty rest breaks due to the skeletal scheduling of employees and Defendants' misclassification of Plaintiff.

19.    Defendants failed to compensate Plaintiff one hour of premium pay for each day on which they did not authorize or permit a duty-free rest break.

20.    As a direct consequence of Defendants depriving Plaintiff of meal and rest breaks, as well as Defendants' failure to pay Plaintiff for the work she performed in excess of 8 hours per day and 40 hours per week, Defendants issued inaccurate itemized wage statements to Plaintiff since Defendants omitted meal and rest break premium payments from Plaintiff's pay and failed to pay her overtime wages.

21.    As a direct result of the foregoing, Defendants failed to pay Plaintiff all wages owed upon separation of employment.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Failure to Pay Overtime Compensation**

**[Cal. Labor Code §§ 510, 1194]**

**(On behalf of Plaintiff)**

22.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

23.    Pursuant to Cal Labor Code § 510, for the four years preceding this action Defendants were required to compensate Plaintiff for all overtime which is calculated at:

(a) One and one-half (1½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek, and

(b) Two (2) times the rate of pay for all hours worked in excess of twelve (12) hours per day, and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

24.   The IWC 7-2001 Section 3(A)(1)(c) states:

"The overtime rate of compensation required to be paid to a non-exempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary."

25.   Section 49.1.2 of the DLSE Manual states:

"In not defining the term 'regular rate of pay,' the Industrial Welfare Commission has manifested its intent to adopt the definition of 'regular rate of pay' set out in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sec. 207(e): 'the regular rate of pay at which an employee is employed shall be deemed to include *all* remuneration for employment paid to ... the employee.' The DLSE Manual continues: "In determining what payments are to be included in or excluded from the calculation of the regular rate of pay, California law adheres to the standards adopted by the U.S. Department of Labor to the extent those standards are consistent with California law."

The DOL has interpreted Sec. 207(e) to include commissions and production bonuses in determining the regular rate of pay. *See*, 29 CFR 778.110 and 778.117[2] (*see, also*, DLSE

---

[2] "Commissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and must be included in the regular rate. This is true regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission." 29 CFR § 778.117

Enforcement Policies and Interpretations Manual, rev. 2009, 49.1.2.1 and 49.2.1.2).

Commissions and bonuses must be included in the regular rate whether they are the sole source of the employee's compensation or are in addition to a guaranteed salary or hourly rate. *Id.*; 29 CFR §§ 778.117, 778.208; *Oliver v. Mercy Med. Ctr., Inc.* (9th Cir. 1982) 695 F.2d 379; DLSE Opinion Letter Nos. 1988.06.02, 2002.0614.

26.     The California Labor Code requires that when calculating the hourly overtime rate, commission and bonus pay is to be divided by the number of hours worked, thereby raising the regular hourly rate for purposes of calculating "time and a half" compensation.

27.     Plaintiff was a non-exempt employee entitled to the protections of the Industrial Welfare Commission Orders mentioned herein, California Code of Regulations, Title 8, §11010 *et seq.* During the course of Plaintiff's employment, Defendants failed to compensate Plaintiff for overtime hours worked in excess of eight (8) hours per day and forty (40) hours per week.

28.     As a direct and proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at trial, but in an amount in excess of the jurisdiction of this court.

**SECOND CAUSE OF ACTION**

**Failure to Provide Meal Breaks**

**[Cal. Labor Code §§ 226.7(a), 512, IWC Wage Order No. 7]**

**(On behalf of Plaintiff)**

29.     Plaintiff re-alleges the information set forth in all preceding paragraphs, as though fully set forth and alleged herein.

30.     Under Section 11(A) of Industrial Welfare Commission Order 7-2001, codified as California Code of Regulations, Title 8, Section 11010, Defendants are required to provide Plaintiff a minimum thirty minute off-duty meal period in any work period of more than five hours, and a second minimum thirty minute meal period in any work period of more than ten hours.

31.     Under Labor Code Section 512, Defendants are prohibited from employing Plaintiff for a work period of more than five hours without providing Plaintiff an off-duty meal period of not less than thirty minutes, and from employing Plaintiff for a work period of more than ten hours without providing Plaintiff a second off-duty meal period of not less than thirty minutes.

32.     Moreover, Labor Code section 226.7, subdivision (a), provides: "No employer shall require any employee to work during any meal period mandated by applicable order of the Industrial Welfare Commission."

33.     California courts interpreting Section 11(A) of the Wage Order, Section 512 of the Labor Code, and Section 226.7 of the Labor Code have concluded that California employers have a legal obligation to ensure that employees are free from **all** job duties for 30-minute meal periods within the fifth and tenth hours of work. *See, Brinker Restaurant Corp. v. Superior Court of San Diego County* (2012) 53 Cal.4th 1004, 1040 (an employer satisfies it obligation to provide meal breaks only if it "relieves it employer of all duty, relinquishes control over their activities, and permits them a reasonable opportunity to take an uninterrupted 30-minute meal break, and does not impede or discourage them from doing so".)

34.     During Plaintiff's employment, Plaintiff was a non-exempt and non-unionized employee entitled to the protections of the Industrial Welfare Commission Order mentioned herein, as well as Labor Code §§226.7, 512.

35.     During the course of Plaintiff's employment, Defendants failed to provide Plaintiff with mandated meal periods, and even required Plaintiff to work during what should have been statutory meal periods.

36.     Pursuant to Section 11 (D) of Industrial Welfare Commission Order 7-2001, California Code of Regulations, Title 8, Section 11010, Defendants are required to pay Plaintiff one additional hour of pay at Plaintiff's regular rate of compensation for each work day that the meal periods are missed or untimely by Plaintiff due to Defendants not relieving Plaintiff of her job duties.

37.     Under Labor Code section 226.7, subdivision (b), Defendants are required to pay Plaintiff one additional hour of pay at Plaintiff's regular rate of compensation for each work day that the meal period was not provided.

38.     Defendants willfully refused and continue to refuse to pay Plaintiff compensation for missed meal periods when she was a non-exempt employee as required by the aforementioned statutes and regulations.

39.     In *Murphy v. Kenneth Cole Productions*, 40 Cal 4th 1094, 1114 (2007), the California Supreme Court held that the "additional hour of pay" for failure to provide an employee with meal periods constitutes a wage," rather than a "penalty," and, accordingly, is governed by the three-year statute of limitations set forth in C.C.P. § 338(a).  As a result, Plaintiff can recover wages under the Labor Code based on her missed, untimely, interrupted and/or on-duty meal periods.

40.     As a direct and proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at trial, but in an amount in excess of the jurisdiction of this court.

### THIRD CAUSE OF ACTION

**Failure to Authorize and Permit Rest Breaks**

**[Cal. Labor Code §§, 226.7, 558, 1194, IWC Wage Order No. 7]**

**(On behalf of Plaintiff)**

41.     Plaintiff re-alleges the information set forth in all preceding paragraphs, as though fully set forth and alleged herein.

42.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

43.     IWC Order No. 7-2001(12)(A) provides, in relevant part:

> "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages." Cal.Code Regs., tit. 8, § 11090(12)(A). Emphasis added.

44.     IWC Order No. 7-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this

order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." Cal.Code Regs., tit. 8, § 11090(12)(B).

45. In *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, the Supreme Court of California held that "state law prohibits on-duty and on-call rest periods. During rest periods, employers must relieve their employees of all duties and relinquish control over how employees spend their break time. (*See Brinker Restaurant Corp v. Superior Court* (2012) 53 Cal.4th 1004, 1038-1039 (Brinker)." The court further elaborated that "one cannot square the practice of compelling employees to remain at the ready, tethered by time and policy to particular locations or communication devices, with the requirement to relieve employees of all work duties and employer control during 10 minute rest periods." *Id.*, at 7. Moreover, requiring employees to remain on the premises during rest breaks is "irreconcilable with employees' retention of freedom to use rest periods for their own purposes." *Id.*, at 16, internal citation omitted.

46. Defendants violated Section 12 of IWC Wage Order No. 7 and California Labor Code § 226.7 by requiring Plaintiff to work through rest periods, thereby failing to authorize and permit the taking of duty-free rest periods by employees.

47. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of timely rest periods, and she is entitled to recovery under Cal. Labor Code §226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide her with timely and/or paid rest periods.

///

## FOURTH CAUSE OF ACTION

### Failure to Pay Wages Due at Separation of Employment

### [Cal. Labor Code §§ 201-203]

### (On behalf of Plaintiff)

48.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

49.     Sections 201 and 202 of the California Labor Code require Defendants to pay all compensation due and owing to former employees in California at or around the time each employee's employment is terminated or ends.  Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

50.     Upon termination or separation from employment, Defendants willfully failed to pay Plaintiff her overtime wages for time spent performing mandatory job duties, and her wages for meal break and rest break premiums, all of which were due by her separation of employment as required by California Labor Code §§ 201 and 202.

51.     As a result, Defendants are liable to Plaintiff for penalties pursuant to California Labor Code §203.

///

///

///

///

///

## FIFTH CAUSE OF ACTION

**Failure to Issue Accurate Itemized Wage Statements**

**[Cal. Labor Code §§ 226, 226.3]**

**(On behalf of Plaintiff)**

52.     Plaintiff re-alleges the information set forth in all preceding paragraphs, as though fully set forth and alleged herein.

53.     California Labor Code § 226(a) requires that employers, when paying their non-exempt employees' wages, include an "itemized statement in writing showing" the "total hours worked by the employee," and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate."

Cal. Labor Code § 226(2)(B) states:

> An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:
>
> > (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement.

54.     Cal. Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure to comply with 226(a) is entitled to recover $50 for initial pay period in which a violation of Section 226 occurs and $100 for each

subsequent pay period, not to exceed $4,000, as well as an award of costs and reasonable attorney's fee.

55.     During the employment period, Defendants failed to provide Plaintiff with itemized wage statements which accurately reflected the actual amount of hours worked, the pay rate, wages earned, and premium payments for missed meal and rest break all in violation of §226(a)(1).

56.     Defendants' failure to comply with §226(a)(1) was knowing and intentional.

### SIXTH CAUSE OF ACTION

**Unfair Business Practices**

**[Cal. Bus. & Prof. Code § 17200, et seq.]**

**(On behalf of Plaintiff)**

57.     Plaintiff re-alleges the information set forth in all preceding paragraphs, as though fully set forth and alleged herein.

60.     California Business & Professions Code Section 17200 prohibits any unlawful, unfair, or fraudulent business practices.

61.     Labor Code section 90.5(a) states that it is the public policy of California to enforce vigorously minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

62.     Through its actions alleged herein, Defendants have engaged in unfair competition within the meaning of Cal. Bus. & Prof. Code, §17200, because Defendants'

conduct has violated state wage and hour laws as herein described. Indeed, Defendants' conduct as herein alleged has damaged Plaintiff by failing to compensate her for overtime wages for the time spent working over 8 hours per day and 40 hours per week, failing to pay her meal break premiums for each day in which Defendants failed to provide her with a 30 minute off-duty meal break, and failing to pay her rest break premiums for each day in which Defendants failed to provide her with a 10 minute off-duty rest break.

63.     California Business and Professions Code §17208, the statute of limitations for a claim under Section 17200 is four years. Accordingly, the actionable period for this cause of action is January 17, 2014 through the conclusion of this action.

64.     Beginning at a date unknown to Plaintiff, but at least as early as a January 17, 2014, Defendants committed, and continue to commit, acts of unfair competition, as defined in §17200, et seq. of the California Business and Professions Code by, among other things, engaging in the acts and practices described above.

65.     Defendants engaged in unfair competition in violation of Cal. Bus & Prof. Code §17200 et seq. by violating, inter alia, each of the following: (1) Cause of Action One as stated above; (2) Cause of Action Two as stated above; (3) Cause of Action Three; and  (4) Cause of Action Four as stated above. Defendants' course of conduct, act and practice in violation of the California laws mentioned in each paragraph above constitute separate and independent violations of 17200, et seq. of the California Business and Professions Code.

66.     The harm to Plaintiff for Defendants' failure to compensate Plaintiff overtime wages for hours spent performing mandatory job duties and failure to provide meal and rest breaks is the result of Defendants' policies/practices and, therefore, Defendants' actions

described herein constitute an unfair business practice or act within the meaning of California Business and Professions Code §17200. Moreover, these acts injured Plaintiff.

## VI.   **DEMAND FOR JURY TRIAL**

67.     Plaintiff hereby demands trial by jury on her individual claims stated herein against Defendants.

## VII.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, prays for judgment against Defendants as follows:

68.     On the First Cause of Action for failure to overtime:

    (a)     A declaratory judgment that Defendants violated Labor Codes §§ 510, 1194, by failing to pay Plaintiff overtime wages when Plaintiff worked over 8 hours per day and 40 hours per week; and

    (b)     An award to Plaintiff in the amount of her unpaid overtime wages owed to Plaintiff for time spent working over 8 hours per day and 40 hours per, plus liquidated damages in an additional amount equal to the unpaid overtime wages, as well as an award of costs, interest, and reasonable attorney's fees pursuant to all sources of law providing for the same.

69.     On the Second Cause of Action for failure to provide meal breaks:

    (a)     Declaratory judgment that Defendants violated California Labor Code § 226.7, § 512, and the IWC Wage Order No. 7-2001;

(b)    An award to Plaintiff for wages as a result of missed meal periods during the employment period;

(c)    An award to Plaintiff of her attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, Cal. Code of Civil Procedure §§ 1021.5; and

(d)    Attorneys' fees and costs pursuant to all sources of law providing for same.

70.    On the Third Cause of Action for failure to authorize and permit rest breaks:

(a)    A declaratory judgment that Defendants violated California Code § 226.7 and the IWC Wage Order No. 7-2001;

(b)    An award to Plaintiff for wages as a result of missed rest periods during the employment period;

(c)    An award to Plaintiff of her attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, Cal. Code of Civil Procedure §§ 1021.5; and

(d)    Attorneys' fees and costs pursuant to all sources of law providing for same.

71.    On the Fourth Cause of Action for failure to pay wages dues at separation of employment:

(a)    A declaratory judgment that Defendants have violated California Labor Code §§ 201-203;

(b)    Pursuant to Cal. Labor Code §§ 201-203, an award to Plaintiff for waiting time penalties in the amount of 30 days wages; and

(c)     An award to Plaintiff of reasonable attorneys' fees and costs.

72.     On the Fourth Cause of Action for failure to issue accurate itemized wage statements:

(a)     A declaratory judgment that Defendants violated Labor Code §§ 226 and 226.3 by regularly willfully issuing inaccurate wage statements to Plaintiff in which a violation of § 226 occurred; and

(b)     An award of $50 for each initial pay period and $100 for each subsequent pay period in which a violation of § 226 occurred, not to exceed $4,000 for Plaintiff, as well as an award of costs and reasonable attorneys' fees;

73.     On the Fifth Cause of Action for Unfair Business Practices:

(a)      An Order requiring Defendants, its agents, servants, and employees, and all persons acting, directly or indirectly, in concert with them, to restore and disgorge all funds to Plaintiff by means of any action or practice declared by this Court to be unlawful, unfair or fraudulent and therefore constituting unfair competition under § 17200, et seq. of the Cal. Business and Professions Code;

(b)     Restitution, including, but not limited to, the relief permitted pursuant to Labor Code §§ 201- 203, 218.5, 226.7, 512, 558, 1194, and 1194.2, and/or the applicable IWC Wage Order; and

(c)     An award to Plaintiff of her attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, Cal. Code of Civil Procedure §§ 1021.5;

74.   For Civil Penalties pursuant to Cal. Labor Code § 558 for each violation of the

Cal. Labor Code alleged herein;

75.   For such other and further relief as the Court may deem proper.

Dated: January 17, 2018           Respectfully submitted,
                                  MICHAEL MALK, ESQ. APC


By: _____
                                  Michael Malk
                                  Attorneys for Plaintiff

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MICROSOFT CORPORATION, a Washington Corporation, and
Does 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JENNIFER SULLIVAN, individually



**FILED**

JAN 17 2018

**JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT**
By: *J. Chen, Deputy*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | Marin County Superior Court 3501 Civic Center Drive San Rafael, California 94903 |

**CASE NUMBER:** *(Número del Caso):* CV 1 8 0 0 1 5 5

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Malk, Esq., 1180 S. Beverly Drive, Suite 302, Los Angeles, CA 90035 (310) 203-0016

**DATE:** *(Fecha)* JAN 17 2018     J. CHEN

**Clerk, by** *(Secretario)* JAMES M. KIM , **Deputy** *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**SEAL**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Microsoft Corporation
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 1/18/18

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# MARIN COUNTY SUPERIOR COURT
P.O. Box 4988
San Rafael, CA 94913-4988

| PLAINTIFF: *Sullivan* | CASE NO. *CIV* **1 8 0 0 1 5 5** |
|---|---|
| vs. | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** |
| DEFENDANT: *Microsoft Corp.* | (Pursuant to Government Code Section 68600 et seq.) |

*Pursuant to Local Rule 1.3, the plaintiff must serve a copy of this Notice of Case Management Conference, a blank Case Management Statement (Judicial Council Form CM-110), a blank Notice of Settlement of Entire Case (Judicial Council Form CM-200), and an Alternative Dispute Resolution (ADR) Informational Notice (CV006) together with the complaint on all parties.*

This case is assigned for all purposes to Judge _____ **PAUL M. HAAKENSON** _____ in Courtroom *E* .

1. The parties/counsel to this action shall comply with the filing and service deadlines in Local Rule 1.5 and California Rule of Court 3.110, or appear at the Order to Show Cause hearing on the dates set forth below:

   Failure to File Proof of Service ............ *3 / 28 / 18* 8:30 / 9:00 A.M.

   Failure to Answer ............ *4 / 27 / 18* 8:30 / 9:00 A.M.

2. Parties must appear for Case Management Conference on *6 / 6 / 18* 8:30 / 9:00 A.M.

3. The parties must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the Case Management Conference** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed with the court and served on all parties <u>at least 15 calendar days</u> before the Case Management Conference. **(Late filing may result in the issuance of sanctions.)**

*Distribution: Original - Court File; Canary - Plaintiff*

**CM-200**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |

TELEPHONE NO.:        FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | |
|---|---|
| **NOTICE OF SETTLEMENT OF ENTIRE CASE** | CASE NUMBER: |
| | JUDGE: |
| | DEPT.: |

---

### NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF

You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is **unconditional.** You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement is **conditional.** Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case.

---

**To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:**

1. This entire case has been settled. The settlement is:

    a. ☐ **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement.
         Date of settlement:

    b. ☐ **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than *(date):*

2. Date initial pleading filed:

3. Next scheduled hearing or conference:

    a. Purpose:

    b. ☐ (1) Date:

         (2) Time:

         (3) Department:

4. Trial date:

    a. ☐ No trial date set.

    b. ☐ (1) Date:

         (2) Time:

         (3) Department:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

►

| | | |
|---|---|---|
| (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY) | | (SIGNATURE) |

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-200 [Rev. January 1, 2007] | **NOTICE OF SETTLEMENT OF ENTIRE CASE** | Cal. Rules of Court, rule 3.1385<br>*www.courtinfo.ca.gov* |

CM-200

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF SETTLEMENT OF ENTIRE CASE

*(NOTE: You cannot serve the Notice of Settlement of Entire Case if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Settlement of Entire Case* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Settlement of Entire Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO.:              FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:              Time:              Dept.:           Div.:           Room:

Address of court *(if different from the address above)*:

☐   **Notice of Intent to Appear by Telephone,** by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.   Type of case in  ☐ complaint  ☐ cross-complaint  *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☐  a jury trial  ☐  a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐  days *(specify number):*
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☐  by the attorney or party listed in the caption  ☐  by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
☐   Additional representation is described in Attachment 8.
f.  Fax number:
g.  Party represented:

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel  ☐  has  ☐  has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party  ☐  has  ☐  has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**MARIN COUNTY SUPERIOR COURT**
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988
(415) 444-7040



### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATIONAL NOTICE
(California Rule of Court 3.221)

**The plaintiff <u>must</u> serve a copy of this notice with the complaint on all parties to this case.**

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. Using ADR may have a variety of benefits, depending on the type of ADR process used and the  circumstances of the particular case.

### <u>ADVANTAGES OF ADR</u>

**Save Time**

A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money**

When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome**

In ADR, parties typically play a greater role in shaping both the process and its outcome.  In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial.  Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial.  Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships**

ADR can be a less adversarial way to resolve a dispute.  For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction**

In a trial, there is typically a winner and a loser.  The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome.  ADR can help the parties find win-win solutions and achieve their real goals.  This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

## DISADVANTAGES OF ADR

If the case is resolved using ADR, the parties forgo their right to a public trial and they do not receive a decision by a judge or jury. If the case is not resolved using ADR and it proceeds to trial, the overall costs of the case may increase.

## TYPES OF ADR

### Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Settlement Conferences

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

## LOCAL ADR PROGRAMS

For a Directory of Mediators and Arbitrators or information about the Modest Means Mediation Program, contact the Marin County Bar Association (MCBA) by calling (415) 499-1314 or emailing *info@marinbar.org*. Additional information is also available on the MCBA website: *www.marinbar.org*.

## STIPULATION TO USE ADR

If all parties in the action agree to participate in ADR, a *Stipulation to Use Alternative Dispute Resolution Process (CV002)* may be filed with the court. This form is available at *www.marincourt.org* or in the Clerk's Office.

Please note, <u>**you are required to complete and submit the *Notice of Settlement of Entire Case (Judicial Council Form CM-200)* within 10 days of the resolution of your case.**</u>

# EXHIBIT C

1  MORGAN, LEWIS & BOCKIUS LLP
   Daryl S. Landy, Bar No. 136288
2  Carrie A. Gonell, Bar No. 257163
   600 Anton Boulevard
3  Suite 1800
   Costa Mesa, CA  92626-7653
4  Tel:    +1.714.830.0600
   Fax:    +1.714.830.0700
5  daryl.landy@morganlewis.com
   carrie.gonell@morganlewis.com
6
   MORGAN, LEWIS & BOCKIUS LLP
7  Jennifer Svanfeldt, Bar No. 233248
   Aleksandr Markelov, Bar No. 319235
8  One Market, Spear Street Tower
   San Francisco, CA 94105
9  Tel:    +1.415.442.1000
   Fax:    +1.415.442.1001
10 jennifer.svanfeldt@morganlewis.com
   aleksandr.markelov@morganlewis.com
11
   Attorneys for Defendant
12 MICROSOFT CORPORATION

13

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                            COUNTY OF MARIN

16

17  JENNIFER SULLIVAN, individually,          Case No. CIV1800155

18              Plaintiff,                    UNLIMITED JURISDICTION

19        vs.                                 **DEFENDANT MICROSOFT
                                              CORPORATION'S ANSWER TO
20  MICROSOFT CORPORATION, a Washington       PLAINTIFF'S COMPLAINT**
    corporation, and Does 1 through 100, inclusive,
21                                            Complaint Filed: January 17, 2018
                Defendant.
22

23        Defendant Microsoft Corporation ("Microsoft"), by and through its undersigned counsel,

24  hereby Answers the unverified Complaint ("Complaint") of Plaintiff Jennifer Sullivan

25  ("Plaintiff") as follows:

26                            **GENERAL DENIAL**

27        Pursuant to California Code of Civil Procedure § 431.30(d), Microsoft denies, generally

28  and specifically, each and every allegation in the Complaint, each and every purported cause of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

FILED

FEB 15 2018

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: C. Lucchesi, Deputy

BY FAX

action set forth therein, and the whole thereof.  Microsoft further denies, generally and specifically, that Plaintiff has been damaged in any manner or suffered, incurred, or will suffer any injury, damage or loss by reason of any act, omission to act, or any conduct, whether intentional or otherwise, on the part of Microsoft.

## DEFENSES

Microsoft also asserts the following defenses, without any obligations regarding who bears the burden of proof of persuasion as to any of them:

## <u>FIRST DEFENSE</u>

### (Failure to State a Cause of Action)

1.     The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute any cause of action or to set forth a claim upon which relief can be granted.

## <u>SECOND DEFENSE</u>

### (Exemption)

2.     The Complaint, and each purported cause of action contained therein, is barred because Plaintiff was, at all relevant times, properly classified as exempt from the overtime requirements of the California Labor Code and the applicable Industrial Welfare Commission wage order promulgated under the California Labor Code, including, but not limited to, the executive, professional, and/or administrative exemptions, or a combination of these exemptions.

## <u>THIRD DEFENSE</u>

### (Statutes of Limitation)

3.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part by all applicable statutes of limitation, including, but not limited, to California Business and Professions Code § 17208, California Code of Civil Procedure §§ 338, 340, and 343, and California Labor Code § 203.

## <u>FOURTH DEFENSE</u>

### (Not Willful/Good Faith Dispute)

4.     Plaintiff is barred from recovering penalties pursuant to, *inter alia*, California

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

1    Labor Code § 203, because: (a) Plaintiff has failed to plead facts sufficient to support allegations

2    of willfulness; (b) neither Microsoft nor any agent or employee of Microsoft acted willfully in

3    failing to pay wages due, if any, to Plaintiff; and (c) there is a bona fide good faith dispute as to

4    any wages that were allegedly owed.

5

**FIFTH DEFENSE**

6

**(Avoidable Consequences)**

7         5.      The Complaint, and each purported cause of action contained therein, is barred, or

8    recovery reduced, because: (a) Microsoft took reasonable steps to prevent and correct the conduct

9    alleged in the Complaint; (b) Plaintiff unreasonably failed to use the preventive and corrective

10    measures that Microsoft provided; and (c) reasonable use of Microsoft's procedures would have

11    prevented at least some of the harm that Plaintiff allegedly suffered.

12

**SIXTH DEFENSE**

13

**(Adequate Remedy at Law)**

14         6.      The claims of Plaintiff for equitable relief are barred because she has an adequate

15    and complete remedy at law.

16

**SEVENTH DEFENSE**

17

**(Improper Remedies/Lack of Standing)**

18         7.      The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks

19    standing to bring the purported claims under the California Business and Professions Code §

20    17204, the California Labor Code, and other applicable state and federal laws, and therefore

21    cannot pursue such alleged claims.

22

**EIGHTH DEFENSE**

23

**(Setoff and Recoupment)**

24         8.      Microsoft denies that it acted unlawfully or improperly toward Plaintiff.  However,

25    with regard to any potential award to Plaintiff, Microsoft is entitled under the equitable doctrine

26    of setoff and recoupment to offset all overpayments to Plaintiff and/or all obligations of Plaintiff

27    owed to Microsoft against any judgment that may be entered against Microsoft.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB1/ 95841530.1               ANSWER TO COMPLAINT

1

**NINTH DEFENSE**

2

**(No Compensable Work)**

3       9.       Plaintiff's claims, including claims for damages, are barred to the extent that some

4   or all of certain hours and minutes claimed by Plaintiff are not "hours worked" within the

5   meaning of any Wage Order of the California Industrial Welfare Commission and/or any

6   applicable California law, so that minimum wages and/or overtime compensation need not be

7   paid for those minutes or hours.

8

**TENTH DEFENSE**

9

**(Unclean Hands)**

10      10.      The Complaint, and each purported cause of action contained therein, is barred in

11  whole or in part by the doctrine of unclean hands.

12

**ELEVENTH DEFENSE**

13

**(No Entitlement to Jury Trial—Certain Claims)**

14      11.      Plaintiff's claims, or some of them, are not entitled to a trial by jury, including the

15  claims under California Business and Professions Code §§ 17200, *et seq.*

16

**TWELFTH DEFENSE**

17

**(One Satisfaction)**

18      12.      The Complaint, and each cause of action alleged therein, impermissibly seeks to

19  recover penalties under multiple or different theories for the same or similar alleged unlawful

20  acts.

21

**THIRTEENTH DEFENSE**

22

**(Penalties Unjust, Arbitrary, and Oppressive, or Confiscatory)**

23      13.      Plaintiff is not entitled to recover any penalties because, under the circumstances

24  of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

25

**FOURTEENTH DEFENSE**

26

**(Action Unconstitutional)**

27      14.      Plaintiff's purported cause of action for violation of Business & Professions Code

28  §§ 17200, *et seq.* is barred because they violate the due process provisions of the United States

1  and California Constitutions, including, but not limited to, the due process clauses of the Fifth and

2  Fourteenth Amendments to the United States Constitution

3  **FIFTEENTH DEFENSE**

4  **(Due Process/Excessive Fine)**

5        15.    Although Microsoft denies that it has committed or has responsibility for any act

6  that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act

7  or responsibility is found, recovery of civil penalties against Microsoft is unconstitutional under

8  numerous provisions of the United States Constitution and the California Constitution, including

9  the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth

10  Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the

11  Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines

12  clause of Section 17 of Article 1, the due process clause of Section 7 of Article I, the self-

13  incrimination clause of Section 15 of Article 1, and other provisions of the California

14  Constitution.

15  **SIXTEENTH DEFENSE**

16  **(Constitutional Right to Equal Protection)**

17        16.    An award of penalties against Microsoft would be an unconstitutional denial of its

18  right to equal protection under both the United States and California Constitutions.

19  **SEVENTEENTH DEFENSE**

20  **(Failure to Exhaust Internal and/or Administrative Remedies)**

21        17.    The Complaint, and each purported cause of action contained therein, is barred

22  because Plaintiff has failed to exhaust her internal and/or administrative remedies.

23  **EIGHTEENTH DEFENSE**

24  **(Waiver)**

25        18.    Plaintiff, by reasons of her acts, conduct, and omissions, has waived her rights, if

26  any, to obtain relief sought in the Complaint.

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Costa Mesa

DB1/ 95841530.1

- 5 -

ANSWER TO COMPLAINT

1

**NINETEENTH DEFENSE**

2

**(Failure to State a Claim Under California Business & Professions Code §§ 17200, *et seq.*)**

3      19.      Plaintiff's causes of action alleged in the Complaint are barred, in whole or in part,

4   because Plaintiff has no private right of action under California Business & Professions Code §§

5   17200, *et seq.*, and she has not suffered injury in fact and has not lost money or property as a

6   result of any alleged unfair or unlawful business practices by Microsoft.

7

**TWENTIETH DEFENSE**

8

**(No Violation of Underlying State Law)**

9      20.      Microsoft is not liable for violation of unlawful business practices law pursuant to

10   California Business and Professions Code §§ 17200, *et seq.* because it is not liable to Plaintiff for

11   any alleged violation of any underlying state law.

12

**TWENTY-FIRST DEFENSE**

13

**(No Proscribed Conduct)**

14      21.      Plaintiff's cause of action for alleged violation of California Business &

15   Professions Code §§ 17200, *et seq.* fails in that Microsoft did not engage in conduct proscribed by

16   the statute.

17

**TWENTY-SECOND DEFENSE**

18

**(Improper Venue)**

19      22.      Plaintiff is barred from pursuing her claims in this Court because venue is

20   improper.

21

**RESERVATION OF RIGHTS**

22      23.      Microsoft reserves the right to assert additional defenses as discovery proceeds and

23   it becomes aware of additional facts and circumstances that provide the basis for additional

24   defenses.

25

**Prayer**

26      **WHEREFORE,** Microsoft requests judgment as follows:

27      1.      That Plaintiff takes nothing by reason of the Complaint, and that the Complaint be

28   dismissed;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB1/ 95841530.1

- 6 -

ANSWER TO COMPLAINT

1        2.       That judgment be entered in favor of Microsoft and against Plaintiff on all causes

2  of action contained in the Complaint;

3        3.       That Microsoft be awarded its reasonable costs and attorneys' fees incurred by this

4  action to the extent applicable under Labor Code § 218.5; and

5        4.       For such other and further relief as the Court deems just and proper.

6

7  Dated: February 15, 2018                   MORGAN, LEWIS & BOCKIUS LLP

8

9                                  By

10                                   Daryl S. Landy
                                      Aleksandr Markelov

11                                   Attorneys for Defendant
                                   MICROSOFT CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB1/ 95841530.1

- 7 -

ANSWER TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Monet R.A. Torres, declare:

I am a citizen of the United States and employed in Santa Clara County, California.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 1400 Page Mill Road, Palo Alto, CA 94304.  On **February 15, 2018**, I served a copy of the within document(s):

**DEFENDANT MICROSOFT CORPORATION'S
ANSWER TO PLAINTIFF'S COMPLAINT**

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Palo Alto, California addressed as set forth below.

☐     by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Michael Malk, Esq.           *Attorney for Plaintiff JENNIFER SULLIVAN*
MICHAEL MALK, ESQ., ACP
1180 South Beverly Drive, Suite 302
Los Angeles, CA 90035
Tel: (310) 203-0016
Fax: (310) 499-5210
mm@malklawfirm.com

Executed on **February 15, 2018**, at Palo Alto, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Monet R.A. Torres

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

# EXHIBIT D

MORGAN, LEWIS & BOCKIUS LLP
Daryl S. Landy, Bar No. 136288
daryl.landy@morganlewis.com
Carrie A. Gonell, Bar No. 257163
carrie.gonell@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel:    +1.714.830.0600
Fax:    +1.714.830.0700

MORGAN, LEWIS & BOCKIUS LLP
Jennifer Svanfeldt, Bar No. 233248
jennifer.svanfeldt@morganlewis.com
Aleksandr Markelov, Bar No. 319235
aleksandr.markelov@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

Attorneys for Defendant
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SULLIVAN, individually, | Case No. 3:18-cv-1040 |
| Plaintiff, | **DECLARATION OF JULIA SIEBERT IN SUPPORT OF DEFENDANT MICROSOFT CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT** |
| vs. | |
| MICROSOFT CORPORATION, a Washington corporation, and Does 1 through 100, inclusive | |
| Defendant. | **[28 U.S.C. § 1332(a), 1441, 1446]** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DECLARATION OF JULIA SIEBERT IN
SUPPORT OF NOTICE OF REMOVAL

I, Julia Siebert, declare as follows:

1.      Since October 2016, I have been employed by Microsoft Corporation ("Microsoft") as a Regional Human Resources Manager ("HR Manager").  In that role I have been responsible for supporting all physical Microsoft stores in the Northwest, now referred to as the Mountain West Territory, including Washington, Oregon, Northern California, Utah and Colorado.  My territory included the specialty store in Roseville, California at which Plaintiff Jennifer Sullivan worked as a Specialty Store Manager until May 2017; the store was closed in June 2017.  As a result, I have access to Ms. Sullivan's employment records.  I make this declaration in support of Microsoft's Notice of Removal.  The facts set forth in this declaration I know to be true of my own personal knowledge.  If called as a witness, I could and would testify competently to the matters set forth in this declaration.

2.      As a result of performing my responsibilities as an HR Manager, I am familiar with Microsoft's corporate structure and the location and functioning of Microsoft's headquarters.  Microsoft is, and was at the time this lawsuit was filed, incorporated in the state of Washington.  I am familiar with where the company's officers perform various executive and administrative functions.  The company's headquarters, as well as its books and records, are located in Redmond, Washington.  Microsoft's officers, including the president, chief executive officer, chief operating officer, and chief financial officer all work out of Microsoft's offices located in Washington.  When I am not traveling across the territories, I primarily work out of my home office in Seattle, and occasionally go to Microsoft's offices located in Redmond.  In addition to conducting executive meetings at Microsoft's offices located in Washington, Microsoft's officers perform their day-to-day job duties in Washington, including controlling, directing and coordinating the activities of the company.  In fact, most of Microsoft's executive and administrative functions are performed primarily in Microsoft's offices located in Washington.

3.      As a result of performing my responsibilities as the HR Manager for the Mountain West Territory, including the store in Roseville, California where Ms. Sullivan worked, I am familiar with, and have access to, the databases Microsoft uses that contain

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Costa Mesa

1

DECLARATION OF JULIA SIEBERT IN
SUPPORT OF NOTICE OF REMOVAL

employee records and personnel information of current and former employees who have worked for Microsoft.  Based on the database entries for Ms. Sullivan, Microsoft employed Ms. Sullivan as an exempt Specialty Store Manager in Roseville, California from July 12, 2015 to May 10, 2017.

4.    Microsoft's records indicate that, between July 12, 2015 and March 12, 2016, Ms. Sullivan's total gross earnings were approximately $89,065.52.

5.    Microsoft's records indicate that, between March 13, 2016 and May 10, 2017 (the effective date of Ms. Sullivan's termination), Ms. Sullivan's total gross earnings were approximately $142,977.03.

6.    Based on the database entries for Ms. Sullivan, the last known residence address she provided to Microsoft was in Roseville, California.  Nothing in Microsoft's records indicates that Ms. Sullivan has relocated or intends to relocate outside of California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Seattle, Washington on February 15, 2018.

_____
Julia Siebert

DB1/ 95841533.4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

2

DECLARATION OF JULIA SIEBERT IN
SUPPORT OF NOTICE OF REMOVAL